JOSÉ CRUZ GERENA, Plaintiff and Appellee, *v.* FEDERICO A. GÓMEZ VALENCIA ET AL., Defendants and Appellants.

No. 4642. Argued March 21, 1929.—Decided June 21, 1929.

 

*L. Mercader* for the appellants. *A. Reyes Delgado* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Arecibo on the 17th of March, 1928, rendered a judgment wherein it declared that the defendants had no right of easement over the land of the complainant and ordered the said defendants to remove and destroy that part of a staircase that protruded over into the land of the complainant.

The evidence was very contradictory. The defendants tried to show that the supposed offending staircase was entirely on their own land. Partially they tried to do this by their title deed and the testimony of a former owner. On the other hand, the oral testimony of both parties in our opinion tended strongly to support the conclusion of the court that the staircase did extend into the land of the complainant.

Therefore, we agree with the court that any supposed tolerance of the staircase or any temporary agreement with respect thereto was not binding on the complainant. *Torres* v. *Plazuela,* 24 P.R.R. 451; *Colón* v. *Plazuela,* 31 P.R.R. 314. The testimony for both parties showed that the defendants agreed to remove the staircase or the offending part if they should acquire the contiguous territory.

We do not agree with the appellants that the complainant failed to prove a right to the relief sought. The theory, if we understand it, is that a projecting staircase, if legally existing, would not constitute an easement; that there is no such easement. We are inclined to think otherwise, but, whether we are right or not in this conclusion, a protruding staircase is a damage to the land invaded and a complainant is entitled to have it removed. This he may do whether he styles his action as a ''negation of easement,'' mandatory injunction or any other form of remedy that would give the

relief sought. The essential thing decided by the judgment is the removal of the protruding part of the staircase.

The judgment will be affirmed.